IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:25-CV-229-BO-KS

TORENA EUGENIA SORRELL-JAMES,       )
                                     )
        Plaintiff,                   )
                                     )        **MEMORANDUM &**
        v.                           )        **RECOMMENDATION**
                                     )
PRODIGY CONSULTING GROUP, and        )
MAXSIP TELECOM,                      )
                                     )
        Defendants.                  )

This matter is before the court on an application to proceed in forma pauperis filed by Torena Eugenia Sorrell-James [DE #2], the matter having been referred to the undersigned by the Honorable Terrence W. Boyle, United States District Judge. For the reasons stated below, it is recommended that Plaintiff's application to proceed in forma pauperis be denied.

The standard for determining in forma pauperis status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted).

Plaintiff has not demonstrated that having to pay the required filing fee would deprive her of the necessities of life. *See Adkins*, 335 U.S. at 339. Plaintiff reports monthly household income of $4,050. (IFP Appl. [DE #2] at 1–2.) Plaintiff also reports that she plans to spend $1,500 in conjunction with this lawsuit. (*Id.* at 5.) Excluding what the undersigned finds to be an erroneous claim—that Plaintiff's husband spends

$40,000 monthly on life insurance—Plaintiff's monthly household expenses total $3,558. (*Id.* at 4–5.) The undersigned notes that Plaintiff declared under penalty of perjury that the information contained in her in forma pauperis application was true. (*Id.* at 1.) Based on this information, having to pay the filing fee would not deprive Plaintiff of the necessities of life. Accordingly, it is RECOMMENDED that Plaintiff's application to proceed in forma pauperis be DENIED and that Plaintiff be given time to pay the filing fee.

CONCLUSION

For the reasons stated above, it is RECOMMENDED that Plaintiff's application to proceed in forma pauperis [DE #2] be DENIED and that the clerk be directed to close this case unless Plaintiff pays the requisite filing fee by **May 11, 2026**.

IT IS DIRECTED that a copy of this Memorandum & Recommendation be served on Plaintiff. Plaintiff is hereby advised as follows:

You shall have until **April 24, 2026**, to file written objections to this Memorandum & Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of the Memorandum & Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum & Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. (May 2023).

2

If you do not file written objections to the Memorandum & Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum & Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum & Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).

This 7th day of April 2026.

KIMBERLY A. SWANK
United States Magistrate Judge

Case 4:25-cv-00229-BO-KS    Document 5    Filed 04/07/26    Page 3 of 3